UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT M. DE BOSE, | No. 2:15-cv-1076-EFB (TEMP) P |
| Plaintiff, | |
| v. | <u>ORDER AND</u> |
| A. SCHMIDT, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. He has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] Although he appears to meet the financial requirements, his complaint fails to state a cognizable claim for relief.

**SCREENING REQUIREMENT**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**PLAINTIFF'S COMPLAINT**

Plaintiff's complaint identifies Folsom State Prison Correctional Sergeant Schmidt as the sole defendant in this action. Plaintiff alleges that he was in administrative segregation and his personal property was in the basement of Building 1 when the basement flooded with water. According to plaintiff, for more than a year, he sought to work with defendant Schmidt to process an inmate appeal about his damaged and lost property. Plaintiff alleges that defendant Schmidt assured him he would process plaintiff's inmate appeal but never actually did. Ultimately, defendant Schmidt moved to a different housing unit, and plaintiff no longer had access to him.

Plaintiff contends that defendant Schmidt's intention all along was to deny plaintiff his due process right to file his inmate appeal concerning his damaged and lost property.  In terms of relief, plaintiff requests monetary damages.  Compl. at 5 & Attachs.

## DISCUSSION

Prison officials are not required to process inmate appeals in a specific way or to respond to them in a favorable manner.  Rather, it is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)).  *See also, e.g.*, *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment . . . .  Thus, defendants' failure to process any of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations omitted)); *Walker v. Vazquez*, No. CIV F-09-0931 YNP PC, 2009 WL 5088788 at *7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); *Towner v. Knowles*, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); *Williams v. Cate*, No. F-09-0468 OWW YNP PC, 2009 WL 3789597 at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").  Thus, even if defendant Schmidt delayed processing plaintiff's inmate appeal concerning his personal property, the defendant has not deprived plaintiff of a federal constitutional right.

It is clear from plaintiff's allegations that the only reason he is suing Sergeant Schmidt is the alleged failure to process plaintiff's inmate appeal, an event that is simply not actionable. Where, as here, it is clear that the complaint suffers from pleading deficiencies that cannot be cured by amendment, dismissal without leave to amend is appropriate.  *See Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation

by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) be denied;

2. Plaintiff's complaint be dismissed for failure to state a cognizable claim for relief; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 9, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE